# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STEPHEN LEONARD GUARDINO, JR. ,**

    **Plaintiff,**

**v.**                                                                **Case No:   6:18-cv-2035-Orl-41KRS**

**HALIFAX HEALTH,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:**     **November 26, 2018**

### I. PROCEDURAL HISTORY.

On November 26, 2018, Plaintiff Stephen Leonard Guardino, Jr., filed a complaint against Halifax Health.  Doc. No. 1.  He also filed a motion to proceed *in forma pauperis*.  Doc. No. 2. On December 4, 2018, I issued a Report and Recommendation recommending that the Court dismiss Guardino's complaint and direct the Clerk to terminate the motion to proceed *in forma pauperis* because: (1) the complaint was largely incomprehensible; (2) there were no allegations that Halifax Health was acting under color of state law; (3) there were no facts supporting a claim for violation of the First Amendment's religion clauses or the Fourth Amendment; (4) there were no allegations suggesting that his involvement with Halifax Health was a consequence of his conviction of a crime,

thereby barring his Eighth Amendment claim; (5) the Fifth Amendment applies only to the federal government; and (6) there were no factual allegations that plausibly established a Fourteenth Amendment claim for denial of due process. Doc. No. 5. I also recommended that the Court give Guardino leave to file an amended complaint. I noted that, in an amended complaint, Guardino must include facts that plausibly establish that Halifax Health is a state actor if he continued to assert claims for violations of 42 U.S.C. § 1983. *Id.*

Before the Court had ruled on my Report and Recommendation, Guardino filed an amended complaint. Doc. No. 8. He attached several exhibits to the amended complaint, labeled Exhibits J through Q. Doc. Nos. 8-1 through 8-8. Based on the filing of that amended complaint, I withdrew my original Report and Recommendation and noted that I would consider Guardino's *in forma pauperis* motion in connection with his amended complaint. Doc. No. 9.

In addition, a few days before Guardino filed his amended complaint, he filed eight (8) "Evidence Exhibits," designated as Exhibits A through H. Doc. No. 7. Because the exhibits to Guardino's amended complaint are labeled Exhibits J through Q, it appears that these earlier-filed exhibits were also intended to be exhibits to the amended complaint. Thus, I have considered them in evaluating Guardino's *in forma pauperis* motion. Exhibits A through H are, however, a collection of articles, pamphlets, books, and DVDs that are generally critical of psychiatry. None of them relate to the particular facts of Guardino's case. Thus, they do not have an effect on my assessment of his *in forma pauperis* motion. Likewise, Exhibits J through Q are general materials (such as Wikipedia articles about mind control, a Donald Duck cartoon, and a federal statute) and do not include any information specific to Guardino's case. Thus, they do not affect my analysis of Guardino's claims.

**II.    STANDARD OF REVIEW.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants — prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").  To state a claim on which relief may be granted, a plaintiff's complaint must contain sufficient factual content to bring her claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint is frivolous within the meaning of § 1915(e)(2)(B), if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**III.   ANALYSIS.**

Guardino's amended complaint includes significantly more detail than his previous complaint.  Indeed, the narrative allegations run to 19 typed pages (many of which are single-spaced).  They are not set forth in numbered paragraphs.  The amended complaint is, at times, rambling and includes a plethora of complaints and arguments.  Each page includes a title that says, "Amended Claim Violations of Rights Protected by United State of America Republic Constitution."  The amended complaint appears to be divided into two sections: (1) "Amendment One" (Doc. No. 8, at 1-9); and (2) "Amendment Four, Five and Eight (*id.* at 9-19).  Thus, construed liberally, it appears that Guardino is attempting to bring claims under 42 U.S.C. § 1983 for violations of the First, Fourth, Fifth, and Eighth Amendments to the United States Constitution.[1]  Generally,

---

[1] The amended complaint also includes references to 18 U.S.C. § 371 (which prescribes the punishment for a conspiracy to commit an offense against or defraud the United States) (Doc. No. 8, at 19),

the amended complaint complains about what appears to have been involuntary psychiatric treatment he received at Halifax Health, perhaps pursuant to Florida's involuntary commitment statute, commonly known as the "Baker Act." As best as I can tell—and keeping in mind my obligation to read Guardino's *pro se* amended complaint liberally—the section of the amended complaint (titled "Amendment One"), Guardino alleges that Halifax Health violated the First Amendment because: (1) psychiatry is based on false premises and is a religion, which he was compelled to submit to (*id.* at 1-7); (2) Halifax Health's "Diagnostic Statistics Manual" makes some speech "impermissible as a psychiatric[] disorder" (*id.* at 7); (3) Halifax Health drugs those it decides are religiously preoccupied or obsessed (*id.*); (4) Halifax Health forced him to admit its theory of disease before he could be released (*id.* at 8); (5) Halifax Health seized his Bible (*id.*); and (6) Halifax Health said he had a mental disease after he destroyed some of his personal property

---

"U.S.C. Title 18 Chapter 113CTorture" (which sets forth the punish for a person "outside the United States," who commits or attempts to commit torture") (*id.* at 2), the Ninth Amendment (*id.* at 12), and the Thirteenth Amendment (*id.* at 14). To the extent Guardino attempts to assert claims under those theories, they fail. As to the claims under Title 18 of the United States Code, Guardino cannot pursue criminal causes of action. *See, e.g.*, *Fretwell v. Arrant*, Case No. 5:08cv56/RS-EMT, 2009 WL 2168697, at *4 (N.D. Fla. July 17, 2009) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988)). As for the Ninth Amendment claim, the law does not provide a cause of action for a civil rights claim predicated on the Ninth Amendment. *See, e.g.*, *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986); *Mykjaaland v. Burch*, 953 F.2d 1383, 1383 (4th Cir. 1992) (per curiam); *Hirsch v. Mathews*, No. 5:10-cv-00134-HGD, 2017 WL 4639033, at *13 (N.D. Ala. May 31, 2017), *report and recommendation adopted by* 2017 WL 4613046 (N.D. Ala. Oct. 16, 2017). With respect to Guardino's claim that psychiatry amounts to "slavery" in violation of the Thirteenth Amendment (Doc. No. 8, at 14), it is not clear that the Thirteenth Amendment provides a private right of action. *See Gomez v. Kern*, No. 12-20622-Civ, 2012 WL 1069186, at *2 (S.D. Fla. Mar. 29, 2012) (collecting cases). But, even if it did, such a claim would require Guardino to allege that he was forced to perform labor involuntarily. *See, e.g.*, *Arnold v. Bd. of Educ.*, 880 F.2d 305, 315 (11th Cir. 1989), *abrogation on other grounds recognized by Swann v. S. Health Partners, Inc.*, 388 F.3d 834, 837 (11th Cir. 2004), *overruling on other grounds recognized by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). The amended complaint includes no such allegations. Finally, I note that the amended complaint includes stray references to other statutes and causes of action, including defamation, fraud, and the Religious Freedom Restoration Act (*id.* at 7, 8, 15). Because Guardino's amended complaint is divided into two sections, each of which is focused on constitutional violations, it does not appear that he intended to assert causes of action based on these theories. And, even if he did, by sprinkling legal terminology through his amended complaint, he has failed to separate into different counts each cause of action or claim for relief, thereby making his amended complaint a shotgun pleading that is subject to a *sua sponte* order to replead. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

"relating to a way of life [he chose] not to live anymore," thereby violating his freedom of association (*id.* at 9). Likewise, the second section of the complaint (titled "Amendment Four, Five, and Eight") appears generally to complain that Halifax Health involuntarily required him to take medications, which he believes contain neurotoxins, thereby violating his right to informed consent and his right to bodily autonomy. *Id.* at 9-19. He also complains that Halifax Health sent him to North East State Hospital for three lengthy stays. *Id.* at 12.

As I explained in my previous Report and Recommendation, the Eighth Amendment applies only to "confinement that occurs subsequent to and as a consequence of a person's lawful conviction of a crime." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1572 (11th Cir. 1985). The amended complaint includes no allegation that Guardino's involvement with Halifax Health was a consequence of his conviction of a crime. Instead, it appears that he was civilly committed. Accordingly, any claim for violation of the Eighth Amendment fails. Likewise, the Fifth Amendment applies only to the federal government; thus, Guardino's Fifth Amendment claim fails. I will, however, construe Guardino's complaint broadly to suggest a claim for denial of due process under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. I also construe Guardino's complaints about First and Fourth Amendment violations as complaints under 42 U.S.C. § 1983.

Section 1983 "affords a 'civil remedy' for deprivations of federally protected rights caused by persons acting under color of state law." *Pollitz v. Halifax Health*, No. 6:15-cv-450-Orl-37KRS, 2015 WL 4987732, at *4 (M.D. Fla. Aug. 19, 2015) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *abrogated on other grounds by Daniels v. Williams*, 474 U.S. 327, 330 (1986)). "To state a claim under Section 1983, a plaintiff must allege facts showing that a person, *under color of state law*, deprived [him] of a right protected under the Constitution or laws of the United States." *Rodriguez v. City of Miami, Fla.*, 907 F. Supp. 2d 1327, 1330 (S.D. Fla. 2012) (citation omitted)

(emphasis added).  In my first Report and Recommendation, I noted that Guardino's original complaint did not include any allegations that Halifax Health was acting under color of state law and that it was not self-evident that Halifax Health is a state actor for purposes of a § 1983 claim. Doc. No. 5, at 3.  I also required that an amended complaint include facts plausibly establishing that Halifax Health is a state actor for purposes of this suit.  *Id.* at 4.

Upon review, Guardino's amended complaint still fails to include any allegations plausibly establishing that Halifax Health is a state actor for purposes of this suit.  The amended complaint includes two assertions that could arguably read as allegations that Halifax Health was acting under color of state law:

- "Halifax Hospital a State receiving agent for State of Florida Baker Act sent me to North East Florida State Hospital for 3 lengthy stays violating my right against government imposed bodily intrusions which are to receive robust constitutional protections."  Doc. No. 8, at 12.

- "Halifax Hospital engaged in State Mandated via Baker Acts bodily intrusions e[n]compassing assaults on my mental well being including my dignity, autonomy and sense of safety and security violating fourth amendment."  *Id.*

Both of these allegations amount to claims that Halifax Health took actions permitted or required by the State of Florida's Baker Act.  But action in accordance with a state's involuntary commitment laws is not enough to transform an entity into a "state actor" for purposes of a § 1983 claim.  *See Harvey v. Harvey*, 949 F.2d 1127, 1131-33 (11th Cir. 1992) (private hospital that had been designated by the State of Georgia as an emergency receiving and evaluating facility for involuntarily committed mental health patients was not state actor for purposes of § 1983 claim by a patient who received involuntary mental health treatment there; finding that licensing and

regulation by the state is not enough to transform private hospitals into state actors for § 1983 purposes). Because Guardino still fails to adequately allege that Halifax Health was acting under color of state law when it took the actions described in the amended complaint, his § 1983 claims are due to be dismissed.[2]

Moreover, even if Guardino's amended complaint did include a sufficient allegation of state action, his § 1983 claims would be due to be dismissed. As the Eleventh Circuit noted in a suit against another Halifax entity, "A governmental entity cannot be liable under § 1983 for the actions of its employees on a theory of respondeat superior." *Connor v. Halifax Hosp. Med. Ctr.*, No. 01-16207, 2002 WL 32290997, at *4 (11th Cir. 2002) (per curiam) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)) (unpublished opinion cited as persuasive authority).[3] Instead,

> [i]t may be liable only if the unconstitutional act resulted from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that assumes the force of law. A policy is a decision officially adopted by the governmental entity. An official represents government policy only if he has final policymaking authority; if his decisions are subject to meaningful administrative review, he is not fairly deemed to represent government policy. To establish a custom or practice so pervasive and well-settled that it assumes the force of law, it is necessary for the plaintiff to show (1) a persistent and wide-spread practice, and (2) actual or constructive knowledge of the custom by the governmental entity.

*Id.* (internal quotations and citations omitted).[4] This rule also applies in modified form to private entities functioning as state actors. *See Harvey*, 949 F.2d at 1129-30 (collecting cases); *Iskander*

---

[2] I note that, in *Pollitz*, 2015 WL 4987732, the Court found that the plaintiff had adequately alleged that Halifax Health was a state actor for purposes of a § 1983 claim where the complaint alleged that Halifax Health was a "special taxing district . . . chartered by the State of Florida Legislature and [] governed by a Board of Commissioners appointed by the Governor of Florida." *Id.* at *5. That case, however, involved a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which required the Court to accept all of the well-pleaded allegations as true. Thus, it is not sufficient to allow this Court to take judicial notice that Halifax Health is a state actor.

[3] The individual people responsible for taking the allegedly unconstitutional acts could, however, potentially be liable under § 1983.

[4] This all assumes that Halifax Health is simply a state actor for purposes of § 1983. If Halifax Health is not just a state actor but actually an arm of the state, then it might be entitled to Eleventh Amendment immunity, which would also bar Guardino's § 1983 claims.

*v. Vill. of Forest Park*, 690 F.2d 126, 129 (7th Cir. 1982) (citation omitted) (in a § 1983 case against a department store, plaintiff was required to show an "impermissible policy" or a "constitutionally forbidden" rule or procedure which was the "moving force of the constitutional violation"). Collectively, these requirements are required to assert what is commonly called a "*Monell* claim." Upon review, it does not appear that the amended complaint includes allegations that would support a *Monell* claim against Halifax Health, even if it is a state actor. Accordingly, Guardino's attempt to impose liability on Halifax Health for the actions of its employees fails, and his § 1983 claims should be dismissed.

Finally, even if Guardino's amended complaint were not due to be dismissed for failure to state a claim, I note that the amended complaint does not comply with the basic requirements of Fed. R. Civ. P. 10(b), which provides, "A party must state its claims . . . in *numbered paragraphs*, each limited as far as practicable to a single set of circumstances." The amended complaint also does not clearly separate the claims that Guardino wishes to pursue, therefore making it impossible to tell precisely what causes of action he is attempting to bring. As a result, his amended complaint is an improper shotgun pleading that is subject to a *sua sponte* order to replead. *See Weiland*, 792 F.3d at 1322-23.

Although Guardino has already amended his complaint once as of right, he is proceeding *pro se* and it is at least possible that an amended complaint could cure the defects of the current complaint. Therefore, I recommend that he be given leave to file a second amended complaint. Because Guardino has already filed one amended complaint as of right, he **may not file any additional complaints until the Court has ruled on this Report and Recommendation and given him permission to file a second amended complaint.** If Guardino submits an unauthorized second amended complaint, it may be stricken without further notice.

In a second amended complaint (if it is authorized by the Court), Guardino must abide by the requirements set forth in my first Report and Recommendation (Doc. No. 5) for filing an amended complaint. He must set forth his allegations in numbered paragraphs that are each limited as far as practicable to a single set of circumstances. The second amended complaint should begin with a section titled "Statement of Facts." After the Statement of Facts, Guardino must state each legal claim as a separate, numbered count (e.g. Count I, Count II, Count III, etc.). If a legal theory is mentioned in the second amended complaint but not labeled with a numbered count, the Court may disregard that legal theory as a basis for recovery. Guardino should not include argument in the amended complaint. Citations of case law and statutes are not appropriate in a complaint, but rather may be included at the time of trial or in a motion for summary judgment. If Guardino continues to assert claims for violations of 42 U.S.C. § 1983, he must include facts that plausibly establish that Halifax Health (or any other named Defendant) is a state actor for purposes of this suit. If he continues to assert § 1983 claims against Halifax Health, he must also include allegations that would support a *Monell* claim, as set forth above. Finally, he should include a section that sets forth the relief that he is asking for from the Court. *See* Fed. R. Civ. P. 8(a)(3) (a complaint must include a demand for the relief sought).

## IV. RECOMMENDATION

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the amended complaint and **DIRECT** the Clerk of Court to terminate the motion to proceed *in forma pauperis* (Doc. No. 2). I further **RECOMMEND** that the Court give Guardino leave to file a second amended complaint within a time established by the Court along with a renewed motion to proceed *in forma pauperis*. If the Court disagrees with my recommendation to dismiss the amended complaint, I **RESPECTFULLY RECOMMEND** that the Court **STRIKE** the amended complaint (Doc. No. 8) because it is a shotgun complaint and does not have numbered

paragraphs and **ORDER** Guardino to file a second amended complaint within a time permitted by the Court.  Finally, I **RECOMMEND** that the Court advise Guardino that failure to file a second amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 10, 2019.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy